## HANDY v. STERLING, Under-Tutor.

Where a judgment for a separation of property, though susceptible of execution, remained unexecuted till the marriage was dissolved by the death of the wife, it must be considered as null, and the community as unaffected by it. C. C. 2402. The judgment of separation is null, not only as to creditors, but between the parties themselves.

APPEAL from the court of Probates of Ouachita, *Sharp*, J. *Purvis*, for the appellant. *R. W. Richardson*, for the defendant. The judgment of separation is a nullity. Civ. Code, arts. 2402, 2403. 11 La. 521. 1 Rob. 431.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiff alleges that, having married his wife *Harriet*, the mother of the minors, represented by the defendant as under-tutor, she subsequently obtained a judgment of separation of property, and that some years thereafter he paid sundry sums of money on her account, which he now claims from her estate. The under-tutor answered by a general denial. At the trial the plaintiff offered in evidence the record of the suit of *Harriet Handy* against her husband, by which it appears that a judgment of separation of property was rendered, in the year 1831. By this judgment it was decreed that, " she be separated in property from her husband, and that she have full administration of her separate property; that she *recover of her husband* certain slaves," (which, in her petition, she had alleged she acquired by donation from her mother,) " and that they be set apart as her separate property." It

---

was alleged by the wife in her petition that, these slaves were in the joint possession of herself and husband; and by an act of purchase, which also appears in that record, the slaves appear to have been bought in the joint name of the husband and wife, though by an instrument under private signature, subsequently executed, the husband acknowledged that he had received them as her paraphernal property, and had himself paid no part of the price. There was no evidence to show that this judgment had ever been executed, either by process of execution, or by an authentic act.

It appears by the evidence that the monies alleged to have been paid by the plaintiff, were paid to certain mortgage creditors, holding mortgages on a plantation, which, although it is not so expressly alleged or proved, we infer from the record, was acquired by the wife by purchase during the marriage, and after the decree of separation ; and we shall so assume the case to be, in our present inquiry.

By art. 2402 of the Civil Code, it is declared that, " the separation of property, although decreed by a court of justice, is null if it has not been executed by the payment of the rights and claims of the wife, made to appear by an authentic act, as far as the estate of the husband can meet them, or at least by a *bonâ fide* non-interrupted suit to obtain payment." As the judgment in this case was that, the wife recover of the husband, with costs, the slaves mentioned in the judgment, the apparent title of which was in their joint names, and of which the possession was alleged to have been joint, it was a judgment susceptible of and requiring execution, and should have been executed by a writ of execution and possession, or by an authentic act. No such writ appears to have been executed or even to have issued, no authentic act was passed, nor is the judgment even shown to have been notified to the husband.

But it is said that the nullity proceeding from non-execution, is a nullity as against creditors only. The Code has made no distinction between creditors and the parties themselves, in article 2402. We are not aware of any other article restricting the generality of the terms there used; and we find that under the Code Napoléon, which, with some modifications not pertinent to the present enquiry, contains a similar provision, the nullity is considered as existing between the parties, as well as with regard to creditors. Toullier, vol. 13, title 5, chap. 11, § 74, &c. Pailliet, Code Civil, and notes on article 1444 of the Code Nap.

From the date of this judgment of separation till the alleged payments for which the husband asks relief, a period of ten years intervened. During that entire period the judgment remained unexecuted; and, so far as the record informs us, so remained till the dissolution of the marriage, by the death of the wife. We have no hesitation in saying, under these circumstances, that the judgment of separation must be regarded as a nullity ; that we have no evidence of a dissolution of the community ; and that the property acquired by the wife, after the separation was decreed, must be considered as community property, and the mortgages created upon it as community debts, and their payment by the husband as made on account of the community, and therefore not forming a basis for the present suit.                          *Judgment affirmed.*